UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DENON DABNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00103-WTL-DKL |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Denon Dabney for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 14-12-0067. For the reasons explained in this Entry, Dabney's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On November 21, 2014, Sergeant Barker issued a Report of Conduct charging Dabney with possession of property to be used as a weapon in violation of Code B-228. The Report of Conduct states:

> On November 21[], 2014 at approximately 2015 hours I Sgt. Barker #53 conducted a search of bed 17N-19LA assigned to Denon Dabney #114100. While searching the bed area I lifted the mattress up and searched under it. While searching under the mattress I found a blue nit [sic] winter hat with a "master lock" pad lock hidden in it. I then questioned offender Dabney about the item and he stated "it['] s nothing, I forgot I put that in my hat." I then asked offender Dabney why he would store his padlock inside of his hat and he replied "come on sarge; its [sic] nothing "and" man I just got into the D.O.L. give me a break." I then notified the shift supervisor of the item and the decision was made to leave offender Dabney in the dorm. Offender Dabney was po[s]itively identified by his state ID card and was notified of CAB.

Dabney was notified of the charge on December 3, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Dabney wanted to call Offender Cripe as a witness and that he did not request any physical evidence. Cripe stated, "I was there during the shake down I seen him lift a hat and the lock fell out of the bottom of it. Never seen the lock inside the hat."

The Hearing Officer conducted a disciplinary hearing on December 8, 2014. Dabney stated:

> He said he found the lock inside of the hat said I was trying to use it as a weapon. It wasn't all the way in the hat, was sticking out when they came in an[d] took our drawers I threw it under my matt. There was also paper and a pen in there. When he picked the hat up the lock fell out of it. He told me to[o] that the lock shouldn't be under the mat.

The Hearing Officer found Dabney guilty of possession of a weapon in violation of Code B-228. The Hearing Officer relied on the staff reports, Dabney's statement, and the witness statement. The recommended and approved sanctions included a written reprimand, one month of J-Pay restriction, and the deprivation of 60 days of earned credit time.

The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Dabney's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Dabney challenges his disciplinary conviction arguing that the hearing officer improperly refused to view video evidence, that the conduct report was not timely filed, that the offense for which he was convicted was a higher level offense than the evidence warranted, and that the sanctions were excessive.

1. *Video Evidence*

Dabney first argues that he was denied the right to present evidence because the Hearing Officer refused to review the video. Although Dabney argues in part that this constituted a violation of Indiana Department of Correction rules, the Due Process Clause also guarantees inmates the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals.

The Respondent argues that Dabney did not request the video at the time the screening report for the disciplinary hearing was created. It was not until the hearing that Dabney requested the video. Prisoners may waive the right to present evidence by not requesting it prior to the hearing. *See Sweeney v. Parke,* 113 F.3d 716, 720 n. 5 (7th Cir. 1997) ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses.") abrogated on other grounds by *White v. Indiana Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir.2001). *Gee v. Superintendent, Wabash Valley Corr. Facility*, No. 3:08-CV-208 JVB, 2009 WL 112576, at *1 (N.D. Ind. Jan. 16, 2009). Accordingly, Dabney has waived any right to request video evidence by not making that request prior to the hearing.

2. *Timeliness of Conduct Report*

Dabney next claims that he was not provided proper notice of the charge because there was more than 48 hours between the occurrence of the offense and the filing of the Report of Conduct. In support of this claim, he relies upon IDOC policy. But violations of prison policy do not state a claim for federal habeas relief. *Hester v. McBride,* 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). Realizing this, Dabney withdrew this claim for habeas relief in his reply in support of his habeas petition.

3. *Evidence and Sanctions*

Finally, Dabney argues that the offense for which he was convicted was a higher level offense than the evidence warranted, and that the sanctions were excessive. The Respondent argued that Dabney did not raise this argument in his administrative appeals and has therefore waived it. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The fact that Dabney raised generally due process concerns is insufficient to show that Dabney exhausted his arguments regarding the sufficiency of the evidence and excessiveness of the sanctions.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Dabney to the relief he seeks. Accordingly, Dabney's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 4/7/16

Distribution:

DENON  DABNEY
114100
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel